IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01928-BNB

FERNANDO L. CARRILLO,

    Plaintiff,

v.

PUEBLO COUNTY JUDICIAL DEPARTMENT,

    Defendant.

ORDER OF DISMISSAL

    Plaintiff, Fernando L. Carrillo, is an inmate at the Pueblo County Detention Center in Pueblo, Colorado. Mr. Carrillo has filed *pro se* a Prisoner Complaint (ECF No. 9) pursuant to 42 U.S.C. § 1983. The Court must construe the Prisoner Complaint liberally because Mr. Carrillo is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.*

    Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings. *See*

*McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

The instant action arises out of a state court criminal case. Mr. Carrillo describes the nature of this action in the Prisoner Complaint as follows:[1]

> Since 4-16-04 I have been having the Civil Rights of my Business Claims Violated and Pueblo County Judicial Departments been unlawfully Wrongfully Creating a Misleading Criminal History against Me by Conspiracey like this time in Case #13CR1171 they Maliciously Prosecuted me Defaming my Character with no Evidence backing up Hearsay but yet Hearsay Shows I got Robbed and they still Inposed a Sentance on me outa Discrimination Malice not taking Judicial Notice of my carreers Labor – Employment Claims of what Iv been Pointing out.

(ECF No. 9 at 3.) Mr. Carrillo specifically asserts one claim for relief asserting a deprivation of his civil rights and he alleges the following in support of that claim:

> Dating Back to 4-16-04 Pueblo County Judicial Building has been Depriving My Businesses Rights My Claims in Defence of my Business by not taking Judicial Notice of my Career or Fully Explore my Cases of what I might Point out in my Evidence of Defence That would support the Courts Determination weather it might be Related to my Business to Refer to or not.

(ECF No. 9 at 4.) Mr. Carrillo seeks damages as relief.

Although the specific claim for relief Mr. Carrillo is asserting is not clear, it is clear that the Court lacks subject matter jurisdiction because the Eleventh Amendment

---

[1] The passages from the Prisoner Complaint are quoted verbatim without correcting or identifying errors in grammar or spelling.

prevents Mr. Carrillo from suing a state court or judicial department for damages pursuant to 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994).

The State of Colorado has not waived its Eleventh Amendment immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988) (per curiam). Furthermore, congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195-96 (10th Cir. 1998). Therefore, Mr. Carrillo's claim is barred by the Eleventh Amendment and the Prisoner Complaint must be dismissed for lack of subject matter jurisdiction.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint (ECF No. 9) and the action are dismissed for lack of subject matter jurisdiction. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  31st  day of    October    , 2014.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court